UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/2021

JUSTIN VEGA,

                  Plaintiff,

-against-

CITY OF NEW YORK, DEPARTMENT OF CORRECTION; CITY OF NEW YORK DEPARTMENT OF MEDICAL SERVICES (DOC); CITY OF NEW YORK, DEPARTMENT OF CORRECTIONS, JOHN DOE, JANE DOE; N.Y.C.; D.O.C.; C.O. JOHN DOE; C.O. JANE DOE,

                  Defendants.

21-CV-7262 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff, currently incarcerated in Cayuga Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was in custody in the Anna M. Kross Center ("AMKC") on Rikers Island. By order dated September 9, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.  Claims against Municipal Agencies**

Plaintiff's claims against the New York City Department of Correction ("DOC") and the New York City "Department of Medical Services" must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against these defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of the Court respectfully is requested to add the City of New York as a defendant on ECF.

**B.  Waiver of Service**

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

**C.  *Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify: (1) the John Doe "Medical Staff" and John

Doe "Correction Officer" who denied Plaintiff's requests for sick call in the two weeks following Plaintiff's May 5, 2021 fall; and (2) the John Doe "maintenance" staff whom Plaintiff alleges ignored work orders for sink #5 in Dorm 4 Upper in AMKC. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[2] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant(s). The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the New York City Department of Correction and the New York City "Department of Medical Services." *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

The Clerk of the Court respectfully is requested to add the City of New York as a defendant on ECF.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at 100 Church Street, New York, New York 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  New York, New York
        September 20, 2021

_____
MARY KAY VYSKOCIL
United States District Judge