USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/10/2022

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

**PHILIP S. FRANK**
(212) 356-0886
pfrank@law.nyc.gov

January 28, 2022

**BY ECF**
Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Justin Vega v. City of New York, et al.,* 21-cv-7262 (MKV)(SN)

Dear Judge Vyskocil:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, attorney for Defendant City of New York ("City") in the above-referenced case. Plaintiff alleges that the City and John Doe defendants violated his constitutional rights by being deliberately indifferent to his safety and failing to provide him with adequate medical attention following his slip and fall on May 5, 2021 while incarcerated at the New York City Department of Correction (DOC)'s Anna M. Cross Center (AMKC). In particular, Plaintiff alleges that DOC maintenance staff ignored calls to fix a defective sink in Dorm 4 Upper at AMKC that caused Plaintiff's May 5, 2021 slip and fall. Plaintiff further alleges that a John Doe correction officer and John Doe medical staff member denied his requests for a sick call after his fall. On behalf of my Office, I write to respectfully request: (1) relief from the *Valentin* order as it applies to the unidentified Correction Officer and the unidentified medical professional until Plaintiff provides sufficient information necessary to identify these John Does; and (2) a 30-day extension of time to respond to the *Valentin* order as it applies to the John Doe maintenance staff member, in light of recent information provided by Plaintiff.

      As background, on September 21, 2021, the Court issued a *Valentin* order that directed this Office to identify "(1) the John Doe 'Medical Staff' and John Doe 'Correction Officer' who denied Plaintiff's requests for a sick call in the two weeks following Plaintiff's May 5, 2021 fall; and (2) the John Doe maintenance staff whom Plaintiff alleges ignored work orders for sink #5 in Dorm 4 Upper in AMKC." Dkt No. 7. My Office has taken multiple steps in an to attempt to identify the three John Does, but has been unable to do so, largely because we have not been provided with sufficient information from Plaintiff.

### i.       John Doe Maintenance Staff

My Office has investigated the identity of the John Doe maintenance worker who allegedly ignored work orders for sink #5 in Dorm 4 Upper in AMKC. By letter to the Court dated January 11, 2022, this Office advised the Court that DOC records from November and December 2020 show two work orders for leaking sinks in the Dorm 4 Upper bathroom, one created on November 18 and a second on December 28, 2020. Both work orders were completed within a week of their creation. Thus, in its January 11, 2022 letter, my Office respectfully requested that it be relieved from complying with the *Valentin* Order on the grounds that it still could not identify the John Doe who allegedly ignored a work order as there is no record of a non-completed work order within six months before the alleged slip and fall.

In Plaintiff's letter to the Court of January 24, 2022, he alleges for the first time that maintenance staff purportedly did not properly address the leaking sink in response to the November 18, 2020 and December 28, 2020 work orders. In essence, while the records denote the jobs as completed, Plaintiff contends that they were not, leading to his fall six months later, despite no further work orders for a leaking sink in that area in the intervening six months. Given Plaintiff's latest allegations regarding the maintenance staff member, Defendants require additional time to ascertain the identity of the maintenance staff who responded to the two work orders in November and December 2020. Because the work orders do not specify the maintenance staff members who completed them, an extension of time will enable this office to endeavor to determine the individuals who completed each of the two work orders.

Accordingly, this Office respectfully requests a 30-day extension of time, from January 28, 2022 until February 28, 2022, to determine if such records can be recovered in order to establish who was assigned to the November 18, 2020 and December 28, 2020 maintenance jobs. I recognize the lateness of this request in light of your Honor's Individual Rules of Practice. The information the Plaintiff provided in his letter to the Court this week, however, changed my Office's intended response as it applied to the maintenance worker. This is the third request for an extension of time to respond to the *Valentin* Order. Because Plaintiff is incarcerated and is proceeding *pro se*, the instant request for an extension is made directly to the Court.

### ii.       John Doe Medical Staff

Secondly, in an attempt to identify the John Doe medical professional who allegedly denied Plaintiff's sick call, my Office obtained and reviewed Plaintiff's medical record from New York City Health + Hospitals/Correctional Health Services (CHS). Plaintiff's medical record shows that he was examined and prescribed medication on May 5, 2021, the day of his fall. The medical record also indicates that on May 11, 2021, six days after his slip and fall, Plaintiff had a telehealth "nursing sick call" conducted by registered nurse Daniel Duperval. This Office's January 11, 2022 letter to the Court had incorrectly indicated that Plaintiff's nursing sick call on May 11, 2021 was conducted in-person at the clinic. Upon further review of Plaintiff's medical record, however, it indicates that the May 11, 2021 nursing sick call was a "telehealth encounter." The medical entry also describes Plaintiff's symptoms and notes that "for patient with mild or moderate back pain with no emergency or must-see flags checked, over the counter recommendations are available: **Ibuprofen, Acetaminophen, Methyl Salicylate.**" (emphasis in original).

On November 1, 2021, my Office mailed Plaintiff a copy of his CHS medical record, directed his attention to the pages in his medical record noting where he was examined by medical professionals (including the telehealth consultation on May 11, 2021), and asked him whether one of these individuals are the John Doe medical professional Plaintiff seeks to identify. We also asked Plaintiff to provide us with a physical description of the John Doe medical professional, which would also help my Office identify or eliminate one or more these medical professionals as the possible John Doe. My Office mailed Plaintiff a second and third copy of our request for additional information on December 23, 2021, and January 4, 2022. Significantly, Plaintiff, who is now in possession of his medical record, has not indicated that Nurse Duperval, who conducted the telehealth consultation, nor any other provider identified in his medical record allegedly denied Plaintiff's request for a sick call. Plaintiff also has not provided any physical description of the John Doe medical professional. Accordingly, this Office respectfully requests that the Court relieve it from its obligation to identify the John Doe medical professional, until or unless Plaintiff provides sufficient information to identify this individual.

      **iii.**      **John Doe Correction Officer**

Concurrently, my Office has investigated the identity of the John Doe correction officer who allegedly denied Plaintiff's request for a sick call. DOC records confirm that over 40 different DOC correction officers worked in Dorm 4 Upper, Plaintiff's housing unit, between May 5 and 13, 2021 (i.e., the date that Plaintiff slipped and fell, and the date he was transferred to another DOC facility). To identify the John Doe officer, this Office mailed a letter to Plaintiff on November 16, 2021 requesting the dates and times that Plaintiff requested access to sick call, the rank of the officer he addressed the call to, and a physical description of the John Doe correction officer. My Office mailed Plaintiff this letter again on December 23, 2021 and January 4, 2022. To date, however, Plaintiff has yet to provide any such requested information regarding the John Doe officer.

My Office also has recently received the Housing Area Log Books from May 5, 2021 through May 13, 2021 from Dorm 4 Upper "A" in AMKC. The log books indicate that on May 6, 2021, at 10:05pm a "medical emergency call" was put out for Plaintiff after a slip and fall in the inmate bathroom. The next entry in the log book notes the "medical team on post" 10 minutes later, at 10:15pm. Given that the correction officer on duty on May 6, 2021 did, in fact, provide Plaintiff with a medical emergency call, the documents indicate that Plaintiff was not denied a sick call. And no other entry in the logbook indicates a denied sick call to the Plaintiff. Because Plaintiff's letters to the Court and to my Office do not provide any additional information regarding the correction officer who allegedly denied Plaintiff's request for a sick call, this Office does not have sufficient information from Plaintiff to identify the John Doe officer. Accordingly, this Office respectfully requests that it be relieved of its obligation to identify this officer until and unless Plaintiff provides sufficient information to do so.

Accordingly, for the reasons set forth herein, this Office respectfully requests that the Court grant: (1) relief from the *Valentin* order as it applies to the unidentified Correction Officer and the unidentified medical professional until Plaintiff provides sufficient information necessary to identify these John Does; and (2) a 30-day extension of time to respond to the *Valentin* order as it applies to the John Doe maintenance staff member.

Thank you for your consideration of these requests.

Respectfully submitted,

/s/

Philip S. Frank

cc:     **By Mail**
        Justin M. Vega
        Plaintiff pro se
        Cayuga Correctional Facility
        P.O. Box 1186
        Moravia, NY 13118
        NYSID: 02805277Y

---

**The Parties are directed to appear for a telephonic conference on February 23, 2022 at 3:00pm. To join the conference, dial 888-278-0296 and enter access code 5195844.  Defendants shall make all necessary arrangements with the Cayuga Correctional Facility to have Plaintiff produced at a suitable location within the Cayuga Correctional Facility equipped with a telephone to participate in the conference.  The Clerk of the Court is respectfully requested to mail a copy of this order to the *pro se* Plaintiff at the address of record.  SO ORDERED.**

Date:  2/10/2022
New York, New York

Mary Kay Vyskocil
United States District Judge