```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/2022

JUSTIN VEGA,

                Plaintiff,

-against-

CITY OF NEW YORK, DEPARTMENT OF CORRECTION; CITY OF NEW YORK DEPARTMENT OF MEDICAL SERVICES (DOC); CITY OF NEW YORK, DEPARTMENT OF CORRECTIONS, JOHN DOE, JANE DOE; N.Y.C.; D.O.C.; C.O. JOHN DOE; C.O. JANE DOE,

                Defendants.

21-cv-7262 (MKV)

ORDER DENYING EXTENSIONS OF TIME TO RESPOND TO VALENTIN ORDER

MARY KAY VYSKOCIL, United States District Judge:

        On August 27, 2021, Plaintiff Justin Vega filed a Complaint [ECF No. 1] naming certain John and Jane Doe staff for the Defendant City of New York Department of Corrections. On September 20, 2021, the Court ordered the New York City Law Department, as counsel of record (the "City Law Department"), to assist Plaintiff in identifying the appropriate defendants under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997). [ECF No. 7]. That order directed the City Law Department to ascertain the identity of "(1) the John Doe 'Medical Staff' and John Doe 'Correction Officer'" whom Plaintiff alleged denied his "requests for sick call in the two weeks following Plaintiff's May 5, 2021 fall; and (2) the John Doe 'maintenance' staff whom Plaintiff alleges ignored work orders for sink #5 in Dorm 4 Upper in AMKC." *Id.*

        On November 16, 2021, the New York City Law Department sought an extension of time to comply with the Court's *Valentin* order, on the grounds that it did not have the information it requested from the Plaintiff. The Court granted the City Law Department's request for an extension. [ECF Nos. 11, 12]. After the Court granted the extension, the Court received a letter

from Plaintiff objecting to the extension on the grounds that he had provided information to the Law Department. [ECF No. 13].

On January 11, 2022, the New York City Law Department renewed its request for an extension and requested that it be excused from complying with the *Valentin* order alleging that Plaintiff had not responded to requests for information. [ECF No. 14]. The Court then received a letter from Plaintiff objecting to the request and stating that he *had* provided information to the city. [ECF No. 17]. Thereafter, the City Law Department filed a new request for an extension of time to comply with the Court's September 20 *Valentin* order and be excused from certain obligations under it. [ECF No. 18].

On March 1, 2022, the Court held a status conference regarding the requests by the Defendant City of New York to be excused from the Court's *Valentin* order in this case. [ECF Nos. 14, 18]. At the conference, the City Law Department represented that it had learned the names of the John and Jane Doe maintenance and medical staff relevant to this case. With respect to the John Doe corrections officers, the City Law Department stated that it had insufficient information to provide any names to Plaintiff. On the record, Plaintiff responded that he was seeking the names of the supervisory officers who were tasked with responding to "sick call" requests during the weeks of May 6 and 11, 2021, whom he maintains did not respond to his requests.

IT IS HEREBY ORDERED that the City's requests for extensions of time to comply with the Court's *Valentin* order and requests to be excused from the *Valentin* order are denied.

IT IS FURTHER ORDERED that on or before March 4, 2022, the City shall provide Plaintiff with the names of the maintenance staff who addressed the sink orders, and the medical staff who attended to Plaintiff during the two weeks following May 5, 2021. On or before March

4, 2022, the City shall file on the docket in this case a copy of its communication to Plaintiff disclosing this information.

    IT IS FURTHER ORDERED that on or before March 18, 2022 the City shall investigate and provide Plaintiff with the names of the supervisors in the Correction Officer rank who were in charge of responding to inmate requests for medical attention during the two weeks following May 5, 2021.  On or before March 18, 2022, the City shall file on the docket in this case a copy of its communication to Plaintiff disclosing this information.

    IT IS FURTHER ORDERED that Plaintiff shall amend his complaint on or before April 18, 2022 to name the identified individuals as parties to this action, in lieu of the John and Jane Doe defendants.

    **THE CITY IS ON NOTICE THAT THIS CASE HAS BEEN UNREASONABLY PROTRACTED.  THIS IS THE CITY'S FINAL WARNING TO COMPLY WITH THE COURT'S ORDERS.  FAILURE TO COMPLY WITH THE COURT'S ORDERS MAY RESULT IN SANCTIONS.**

    The Clerk of the Court is respectfully requested to mail a copy of this order to the *pro se* Plaintiff at the address of record and close the letter motions at ECF Nos. 14 and 18.

SO ORDERED.

Dated:  
    New York, New York  
    March 2, 2022

                                                   MARY KAY VYSKOCIL  
                                                   United States District Judge